ARTHUR C. FISH *vs.* MAYOR OF BROCKTON & another.

Plymouth.    October 23, 1925. — October 24, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Brockton. Municipal Corporations,* Officers and agents. *Elections. Words,* "Municipal year."

The definition of "municipal year" established by the charter of Brockton, St. 1881, c. 192, § 3, was neither expressly nor impliedly changed by St. 1921, c. 307, substituting biennial for annual elections of city officers in that city.

Under the charter of Brockton, the term of service of one appointed in January, 1924, as a member of the public property committee ended in January, 1925.

PETITION, filed in the Supreme Judicial Court for the county of Plymouth on February 28, 1925, for a writ of mandamus to compel the mayor and the chairman of the public property committee of Brockton to recognize the petitioner, appointed a member of that committee in January, 1924, as continuing a member until January, 1926, and not to recognize as a member of such committee one Gerald J. Kelliher, whom the mayor purported to appoint in January, 1925, to serve until 1926, without the petitioner being removed from office.

An answer was filed by the respondent, and the petition was heard by *Braley,* J. Material facts found by him are described in the opinion. The single justice ruled "that the municipal year as far as it applied to the city of Brockton is from the first Monday of January of any given year, to the first Monday of January of the following year," and at the request of the petitioner reported the case to the full court for determination.

*H. K. Stone,* for the petitioner.

*W. G. Rowe,* for the respondents.

RUGG, C.J. The petitioner, by virtue of an appointment on the first Monday of January, 1924, seeks to have established a right in himself to serve as a member of a committee

of the city council of Brockton until the first Monday of January, 1926. It is provided in the city charter of the city of Brockton, St. 1881, c. 192, § 3, that "The election of city . . . officers shall take place on the Tuesday next after the first Monday of December of each year; and the municipal year shall begin on the first Monday of January following." After St. 1921, c. 307, became operative, biennial were substituted for annual elections in Brockton and the first Monday of January following the election of its members was made the date for the inauguration of the city government. No words of that statute purported to make any change in the municipal year as theretofore defined. No change was wrought by implication. The words "municipal year" in this context cannot be stretched to signify two years or anything more than substantially a twelve month period. The rules of the city council prior to 1921 provided for the appointment of its committees "at the commencement of the municipal year." The rules have not been changed in this particular. The term of office of members of committees of the city council of the city of Brockton confessedly was one year. Prior to the acceptance of St. 1921, c. 307, the term of office of its committees was within the jurisdiction of the city. council. Its rules fix that term for "the municipal year," which means, as here used, the period from one first Monday of January to the next first Monday of January, except as affected by the provision of St. 1921, c. 307, § 2, as to that day falling on a holiday. The case at bar is governed by the views expressed in *Opinion of the Justices*, 239 Mass. 603, adopted now as the basis of this decision.

*Petition dismissed.*